**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Rene Rojas, | No. CV-19-00023-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Graham County Adult Detention Facility, et al., | |
| Defendants. | |

Pending before the Court is Defendant Gonzalez's Motion to Set Aside Entry of Default (Doc. 49) and Plaintiff's Motion to Strike Defendant Gonzalez's Motion to Set Aside Entry of Default. (Doc. 52.) For the following reasons, the Court will grant Defendant Gonzalez's motion and deny Plaintiff's motion.

## I.    Plaintiff's Motion to Strike Defendant Gonzalez's Motion to Set Aside Entry of Default (Doc. 52)

Plaintiff requests that the Court strike Defendant's Gonzalez's Motion to Set Aside Entry of Default because Defendant Gonzalez's counsel did not file a notice of appearance. The Court will deny the motion. Defendant Gonzalez's Answer properly advised the Court attorneys Rachel Love and Ashlee Hesman are appearing on Defendant Gonzalez's behalf. (Doc. 47.)

## II.    Defendant Gonzalez's Motion to Set Aside Entry of Default (Doc. 49)

An entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). To determine "good cause" a court considers three factors: "(1) whether the plaintiff will be

prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

The Court finds that all three factors weigh in favor of setting aside the entry of default. First, Plaintiff's "ability to pursue his claim will [not] be hindered," and therefore he will not be prejudiced. *See Falk*, 739 F.2d at 463. Second, Defendant sets forth facts that would constitute a meritorious defense, namely that Plaintiff failed to exhaust administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (stating inmates must exhaust administrative remedies before bringing a suit about prison life). Finally, although Defendant Gonzalez was served personally, he also received a waiver of service form indicating he had 60 days to answer. Therefore, Defendant was not culpable in failing to timely respond within 21 days of being served.

Because the Court is setting aside the default, the Court will also deny Plaintiff's Motion for Default Judgment (Doc. 50) and Plaintiff's Request for Writ of Execution (Doc. 51) to the extent Plaintiff seeks relief as to Defendant Gonzalez.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant Gonzalez's Motion to Set Aside Entry of Default (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Gonzalez's Motion to Set Aside Entry of Default (Doc. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 50) and Plaintiff's Request for Writ of Execution (Doc. 51) are **DENIED IN PART**.

Dated this 17th day of August, 2020.

Honorable Jennifer G. Zipps
United States District Judge