**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Rene Rojas,<br><br>  Plaintiff,<br><br>v.<br><br>Graham County Adult Detention Facility, et al.,<br><br>  Defendants. | No. CV-19-00023-TUC-JGZ<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Compel Defendant Larson to Obey Ruling, Motion for Defendant Larson to be Held in Contempt of Court, and Motion for Order to Show Cause. (Docs. 125, 126.) For the following reasons, the Court will deny the motions but grant Plaintiff leave to file another application for a writ of general execution.

**I.   Background**

On July 31, 2021, the Court granted Plaintiff's request for default judgment against Defendant Larson, and the Clerk of Court entered judgment the same day. (Docs. 115, 116.) Pursuant to the judgment, Defendant Larson is liable to Plaintiff for $3,500 in compensatory damages and $250 in costs. (Doc. 116.) On December 20, 2021, Plaintiff sought to enforce the judgment by filing an Affidavit and Request for Issuance of Writ of Execution. (Doc. 122.) On December 22, 2021, the Clerk of Court granted Plaintiff's request and issued the writ directing the U.S. Marshal to enforce the judgment. (Doc. 123.) The Clerk's Office mailed Plaintiff the writ, but it appears Plaintiff took no further action

to provide the U.S. Marshal with the writ.

## II. Discussion

Plaintiff requests the Court compel Defendant Larson to pay the amount of the judgment. (Doc. 125.) Plaintiff also states he lacks knowledge in civil law and seeks to have the Court enforce the judgment "by way of its many tools." (*Id.*) Plaintiff requests the Court send him appropriate forms if garnishment or attachment is appropriate. (*Id.*) Plaintiff also requests the Court hold Defendant Larson in contempt of court and impose sanctions on Defendant Larson for his failure to pay the judgment. (*Id.*; Doc. 126.)

Plaintiff does not provide the Court with a proper legal basis for his requests. As previously advised, it is Plaintiff's responsibility to determine the appropriate legal mechanism to enforce the judgment and to provide the Court with the necessary information for his requests. (Doc. 118.)

Plaintiff's money judgment is enforceable by a writ of execution. *See* Fed. R. Civ. P. 69. Indeed, the Clerk of Court issued Plaintiff a writ of execution, which directed the U.S. Marshal to enforce the judgment. (Doc. 123.) But because Plaintiff never provided the writ to the U.S. Marshal, the U.S. Marshal never sought to enforce the judgment. Plaintiff, however, may file another application for a writ of general execution, as the issued writ has now expired.

In addition to the information provided in Plaintiff's previous writ of execution, including the terms of the judgment and address[1] of the Defendant, Plaintiff must include the following language:

> YOU, THE UNITED STATES MARSHAL, are required to make diligent effort to satisfy this judgment, as follows:
>
> (1) Execute on the stated sum of money of the Defendant/Judgment Debtor, Kenneth Larson, or levy on and sell such non-exempt personal property of the Defendant/Judgment Debtor Kenneth Larson, in accordance with A.R.S. § 12-1559; or, if no non-exempt personal property exists,

---

[1] Plaintiff may state that Defendant Larson's address is under seal at Doc. 34. Except for disclosure to the United States Marshal Service, Defendant Larson's address must be kept confidential and any documents relating to service must be filed under seal.

(2) Levy on such non-exempt real property of the Defendant/Judgment Debtor, Kenneth Larson, in accordance with A.R.S. §§ 12-1553, 12-1559.

YOU ARE FURTHER COMMANDED to make return of this Writ not less than 10 nor more than 90 days after your receipt hereof, in accordance with A.R.S. § 12-1555. Should the Judgment Debtor offer to pay the amount due on the Judgment, plus accrued interest and costs, you are authorized to accept cash, a certified check, or a cashier's check for the total amount due.

*See* A.R.S. §§ 12-1551 to 12-1567.

Plaintiff is further advised that a certified copy of the judgment must accompany the writ when the U.S. Marshal executes the writ. Therefore, before the U.S. Marshal can execute the writ, Plaintiff must obtain a certified copy of the judgment from the Clerk's Office and must pay the Clerk's Office $11.50 for the certified copy. *See* Judicial Conference Schedule of Fees 2; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (noting expenditure of public funds on behalf of an indigent party is proper only when authorized by Congress); 28 U.S.C. § 1915 (not waiving the fees for certified copies of court records for indigent parties). Plaintiff may be responsible for additional costs related to the execution of the writ. *See* A.R.S. § 12-1565(B) (noting the judgment creditor's responsibility for costs related to the levy and storage of personal property); *In re Lindsey*, 178 B.R. 895 (N.D. Ga. Feb. 16, 1995) (noting that the *in forma pauperis* statute does not waive fees and costs incurred by marshals in executing the writ).

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED**:

1. Plaintiff's Motion to Compel Defendant Larson to Obey Ruling, Motion for Defendant Larson to be Held in Contempt of Court, and Motion for Order to Show Cause (Docs. 125, 126) are **DENIED**.

2. Plaintiff may file another Application and Affidavit for a Writ of General Execution.

3. The Clerk of Court must mail Plaintiff a return of service form (USM-285) and this Order.

4. If Plaintiff files a new affidavit and application for a writ of general execution, Plaintiff must include this Order, a completed USM-285 form, and payment of $11.50 for a certified judgment. If Plaintiff fails to comply with this Order, the U.S. Marshal will not enforce the writ of execution.

5. Upon Plaintiff's application in compliance with this Order, the Clerk of Court must forward the issued writ, this Order, the completed USM-285 form, and the certified judgment to the U.S. Marshal.

6. Instructions for the U.S. Marshal on the enforcement of the judgment and the return of the writ will be provided in the writ itself.

Dated this 8th day of August, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge